IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD GRUSS, PEGGY COOK,
GERALD HERMANSON,
for themselves and all persons similarly situated, and

UNITED FOOD AND COMMERCIAL WORKERS
LOCAL UNION 538,

        Plaintiffs,

    vs.                                     Case No.     15CV788

KRAFT HEINZ FOOD COMPANY, INC.,

        Defendant.

## COMPLAINT

      Plaintiffs Richard Gruss, Peggy Cook, and Jerry Hermanson for themselves and all persons similarly situated, and United Food and Commercial Workers Local Union 538, by and through counsel, Arellano & Phebus, S.C., hereby state as their Complaint as follows:

## NATURE OF THE CASE

      1. This action arises under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA") seeking restoration of retiree health and prescription drug insurance benefits reduced by Defendant Kraft Heinz Food Company, Inc.  ("Kraft Heinz").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court exists pursuant to 29 U.S.C. §§1132(e)(1) and 1132(f), 29 U.S.C. § 185(c), and 28 U.S.C. §§ 1331 and 1337.

3. Venue is appropriate within this judicial district pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b) and 29 U.S.C § 185(a).

**PARTIES**

4. Plaintiffs Richard Gruss, Peggy Cook, and Gerald Hermanson all reside within this judicial district.  Each Plaintiff is a retired Kraft Heinz employee who was a member of United Food and Commercial Workers Local Union 538 ("UFCW Local 538"), and was subject to the terms and conditions of collective bargaining agreements ("CBA") between UFCW Local 538 and Kraft Heinz, including retiree health and prescription drug insurance.  Each Plaintiff currently receives retiree health and prescription drug insurance from Kraft Heinz.

5. Plaintiff UFCW Local 538 is a labor organization affiliated with the United Food and Commercial Workers International Union. It is a voluntary, unincorporated association, and is a labor organization within the meaning of the LMRA, 29 U.S.C. § 152(5). Its offices are located within this judicial district.

6. Defendant Kraft Heinz is a corporation organized and existing under the laws of Virginia, with business operations located within this judicial district whose registered agent is CT Corporation System, 8020 Excelsior Dr. Ste. 200, Madison, WI 53717. Kraft Heinz is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2) and within the meaning of ERISA, 29 U.S.C. § 1002(5).

## CLASS ALLEGATIONS

7. Individual Plaintiffs seek to represent a class consisting of all former UFCW Local 538-represented employees of Kraft Heinz who are participants in the Kraft Heinz retiree health and prescription drug insurance plans and who are age 65 or over. Plaintiffs seek two subclasses:  (a) all class members who were covered by health and prescription drug insurance plans sponsored by Aetna; and, (b) all class members who were covered by health and prescription drug insurance plans sponsored by other providers. There are approximately 500 members of the proposed class.

8.  There are questions of law and fact common to the class, including the following: whether Kraft Heinz unilaterally reduced retiree health insurance benefits for its UFCW Local 538-represented retirees by terminating their coverage, increasing their premiums and changing their health insurance benefits; whether such reduction violates the terms of the CBA's between Kraft Heinz and UFCW Local 538; whether such reduction violates ERISA; and, whether Kraft Heinz can establish any defenses justifying its conduct.

9.  The claims of the Plaintiffs are typical of the class they seek to represent and will fairly and adequately protect the interests of the class. The interests of the named Plaintiffs are coincident with, and not antagonistic to, those of the class. The named plaintiffs are represented by counsel who are experienced in class action litigation.

10. The questions of law or facts common to the members of the class predominate over any questions affecting only individual members, as all members are retirees aged 65 and over whose health insurance benefits have been reduced and would be entitled to similar relief restoring such benefits.

3

11. Maintenance of this action will promote the efficient administration of justice by obviating the need of numerous individual members, many of who do not have resources to independently retain counsel, to commence their own actions.

12. Maintenance of this action as a class action will promote the equitable administration of justice since pursuing claims on an individual basis would be disproportionately expensive.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14. The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

15. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class that would, as a practical matter, substantially impair or impede their ability to protect their interests.

**FACTUAL ALLEGATIONS**

16. Kraft Heinz operates meat processing plants and other food processing facilities throughout the country.  It operates a meat processing plant located in Madison, Wisconsin under a subsidiary called Oscar Mayer Foods, Inc.

17. UFCW Local 538 has represented Kraft Heinz employees employed at the Madison plant for over seventy five years and has negotiated terms and conditions of employment set forth in a series of CBA's with Kraft Heinz and its predecessors.

18. Kraft Heinz has provided health and prescription drug insurance to employees and retirees represented by UFCW Local 538 in accordance with the terms of its CBA's. Under the terms of these CBA's, Plaintiffs and other Class Members ("Plaintiff Class") continue to pay the same premium contributions they paid when they were active employees prior to their retirement.

19. During negotiations for the CBA effective December 9, 2013, Kraft Heinz representatives proposed, "Coverage under the Company retiree medical plan shall terminate when the retiree attains age 65 or becomes eligible for Medicare."

20. UFCW Local 538 representatives rejected this proposal and Kraft Heinz subsequently withdrew it from the bargaining table. Plaintiff Class Members continued to receive health and prescription drug insurance under the same terms and conditions as they previously enjoyed.

21. By letter dated September 1, 2015, Kraft Heinz informed Plaintiff Class that effective January 1, 2016, their current retiree health and prescription drug insurance plans would be terminated.

22. For certain members of the Plaintiff Class, Kraft Heinz provided the option of participating in OneExchange, a privately operated medicare insurance exchange. (These Class Members are hereinafter referred to as the "OneExchange Subclass"). The OneExchange Sublcass members are required to pay out-of-pocket all premiums and other costs of supplemental medicare health and prescription drug insurance.

23. All OneExchange Sublass Members who elect to participate in OneExchange by December 31, 2015 are eligible to participate in a Health Reimbursement Arrangement ("HRA"), a federal tax-advantaged employer-funded

health benefit plan that reimburses employees for out-of-pocket medical expenses. Kraft Heinz advised the OneExchange Subclass that it intends to make annual contributions to each participating Subclass Member's HRA a sum equivalent to the cost of obtaining equivalent health and prescription drug coverage through OneExchange.

24. OneExchange Sublass members who participate in OneExchange will be forced to bear the costs of any differences in the amounts of Kraft Heinz' contributions to their HRA's and the actual costs of obtaining comparable health and prescription drug coverage, including premium contributions.   They will also be forced to bear the costs of future increases in the amounts of premium contributions they incur in obtaining supplemental medicare health and prescription drug insurance. At some point, even with the HRA, the amount of premium contributions OneExchange Subclass members pay will exceed the amount of premiums contributions they currently pay.

25.  By letter dated September 1, 2015, Kraft Heinz notified other members of Plaintiff Class who were covered by health and prescription drug insurance plans sponsored by the Aetna Life Insurance Company and its affiliates (hereinafter referred to as the "Aetna Subclass") that they had the option of enrolling in the Aetna Medicare Advantage Preferred Provider Organization with Extended Service Area ("Aetna Medicare Advantage PPO ESA Plan"), a medicare plan available under Part C of Medicare.

26.  Under the Aetna Medicare Advantage PPO ESA Plan, the Aetna Subclass is required to pay up to $2,000 per year for copays and co-insurance.

6

27.  Under their prior Aetna health and prescription drug insurance plans, the Aetna Subclass was not responsible for any copays or co-insurance.

28.  Under the Aetna Medicare Advantage PPO ESA Plan, Aetna Sublcass members' spouses and dependents are not covered.

29.  Under their prior Aetna health and prescription drug insurance plans, the Aetna Subclass's spouses and eligible dependents were covered and could continue coverage under the same terms after the death of the Aetna Subclass member.

30.  Kraft Heinz did not negotiate with UFCW Local 538 the termination of Plaintiff Class' health and prescription drug insurance plans, or any of the changes announced in the September 1, 2015 letters to either the OneExchange Sublcass or the Aetna Subclass.

31.  UFCW Local 538 did not agree to the termination of the health and prescription drug plans covering Plaintiff Class or any of the changes announced in the September 1, 2015 letters to either the OneExchange Sublcass or the Aetna Subclass.

**COUNT I**
**(Violation of Collective Bargaining Agreements)**

32.  Plaintiffs reallege and incorporate paragraphs 1-31 above as though fully set forth herein.

33.  The CBA's between Kraft Heinz and UFCW Local 538 in effect when Plaintiff Class retired require Kraft Heinz to provide retiree health and prescription drug insurance coverage for them.

34.  The CBA's covering the Aetna Subclass required that the retiree health and prescription drug insurance be provided on the same terms as provided to them when

7

they were active employees represented by UFCW Local 538, including premium contributions.

35.  The CBA's covering the OneExchange Subclass required that the retiree health and prescription drug insurance be provided at the same premium rate they paid as active employees at the time they retired.

36. The termination of the Plaintiff Class' health and prescription drug insurance plans and the replacement coverage announced in the September 1, 2015 letters violate the terms of the CBA's, Section 301 of the LMRA, and the vested rights of the Plaintiff Class to receive the retiree health and prescription drug insurance coverage.

**COUNT II**
**(Violation of ERISA)**

37. Plaintiffs reallege and incorporate paragraphs 1-36 above as though fully set forth herein.

38. The health and prescription drug insurance plans covering Plaintiff Class are employee welfare benefit plan as defined in 29 U.S.C. § 1002(1) and are governed by the Employee Income Security Act, 29 U.S.C. §1001, et seq.

39. Plaintiff Class are participants of these plans within the meaning of 29 U.S.C. § 1002(7).

40. Kraft Heinz' termination of plans providing health insurance and prescription drug coverage to Plaintiff Class and reduction in health insurance and prescription drug benefits provided to Plaintiff Class as set forth in the September 1, 2015 letters are contrary to the vested rights of the Plaintiff Class under the terms of the plans in violation of 29 U.S.C.§ 1132.

WHEREFORE, Plaintiffs respectfully request that the Court:

1.   Certify the Plaintiff Class and two subclasses under Rule 23 of the Federal Rules of Civil Procedure;

2.   Declare Kraft Heinz has violated the CBA's with UFCW Local 538 by unilaterally terminating Plaintiff Class' health and prescription drug insurance plans;

3. Declare Kraft Heinz has violated ERISA by altering the terms of its health and prescription drug insurance plans to deviate from the health and prescription drug insurance plans provided to Plaintiff Class by terminating the plans and replacing them with the plans announced in the September 1, 2015 letters;

4. Order Kraft Heinz to cease and desist from violating the CBA's and the terms of the Plaintiff Class' health and prescription drug insurance plans;

5. Order Kraft Heinz affirmatively to:

   a. restore the Plaintiff Class' health and prescription drug plans in effect prior to January 1, 2016;

   b. make whole all Plaintiff Class members for all losses proximately caused by the changes; and,

6.   Order Defendant to pay attorneys fees and costs pursuant to 29 U.S.C. § 1132(g).

7. Provide such other relief deemed just and proper.

**JURY TRIAL DEMANDED.**

Dated: December 9, 2015

Respectfully Submitted,

ARELLANO & PHEBUS, S.C.

s/ Kurt C. Kobelt
Kurt C. Kobelt
State Bar No. 1019317
kkobelt@aplawoffice.com
1468 N. High Point Road, Suite 202
Middleton, WI 53562-3683
608.827.7680 - Telephone
608.827.7681 - Facsimile